# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Willie Harper,

                Petitioner,     Case No. 14-cv-13699

v.                                    Judith E. Levy
                                       United States District Judge

Carmen Palmer,

                Respondent.

_____/

## OPINION AND ORDER REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET AND TRANSFERRING THE MOTION FOR RELIEF FROM JUDGMENT [18] TO THE SIXTH CIRCUIT COURT OF APPEALS

On June 29, 2017, the Court denied petitioner Willie Harper's amended pro se 28 U.S.C. § 2254 habeas corpus petition challenging his conviction of three counts of assault with intent to murder, carrying a concealed weapon, felon in possession of a firearm, and possession of a firearm during the commission of a felony. (Dkt. 16.) The Court also denied a certificate of appealability and leave to proceed on appeal *in forma pauperis*. (*Id.*) Before the Court is petitioner's pro se motion for

relief from judgment under Federal Rule of Civil Procedure 60(b). (Dkt. 18.)

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceedings" under limited circumstances. Fed. R. Civ. Pro. 60(b). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "did not expressly circumscribe the operation of Rule 60(b)," *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), but its "operation" in § 2254 proceedings must be consistent with AEDPA, *Franklin v. Jenkins*, 839 F.3d 465, 476 (6th Cir. 2016) (quoting *Gonzalez*, 545 U.S. at 529). And under AEDPA, a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A second or successive habeas application is one that presents a claim already "presented in a prior application" or a new claim, unless the petitioner meets one of three exceptions. § 2244(b)(1)–(2). A Rule 60(b) motion filed in a § 2254 action may be a second or successive habeas petition. *Gonzalez*, 545 U.S. at 530–32.

A Rule 60(b) motion is a "second or successive" habeas application if it puts forth "claims" with a "federal basis" that attack the merits of a

state court conviction, *Franklin*, 839 F.3d at 473 (quoting *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005)), or "if it attacks the federal court's previous resolution of a claim on the merits," *Gonzalez*, 545 U.S. at 532 & n.4 (emphasis omitted). *Cf. Franklin*, 839 F.3d at 473 (quoting *Post*, 422 F.3d at 424) (stating that procedural default, exhaustion, and the statute of limitations bar are not determinations on the merits). In other words, a petitioner may not use a Rule 60(b) motion to "amend to try to raise new habeas claims [or] to supplement already litigated claims with new evidence." *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 531–32).

Petitioner requests relief on his sentencing claim based on *Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018). (Dkt. 18 at 2.) There, the Sixth Circuit granted habeas relief on a challenge to Michigan's sentencing guidelines, holding that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), clearly established that Michigan's mandatory minimum sentencing scheme permitting "judge-found facts to score mandatory sentencing guidelines that resulted in an increase of petitioner's minimum sentence violated petitioner's Sixth Amendment Rights." *Robinson*, 901 F.3d at 716–18 (citing *Alleyne*, 570

3

U.S. at 108). He also argues that *Robinson* creates debate among reasonable jurists, requiring the Court to grant a certificate of appealability. (Dkt. 18 at 3.) Petitioner's motion advances claims that were in his previous habeas petition, demonstrating it is a second or successive habeas application.

In his habeas petition, he claimed that the state judge erred in departing above the sentencing guidelines range, specifically that the state judge violated his Sixth Amendment right to a jury trial by relying on facts that were not submitted to a jury to score the offense variables and calculate a sentencing guidelines range. Petitioner relied upon *Alleyne*, which held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt, 570 U.S. at 103, and *People v. Lockridge*, which held that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment based on *Alleyne*, 498 Mich. 358 (2005). The Court denied relief, holding that *Alleyne* did not apply and *Lockridge* was not clearly established federal law. (Dkt. 18 at 34–36.) Here, petitioner offers *Robinson* to attack the Court's determination that he was not entitled to habeas relief because *Lockridge* was not clearly

established law. This attacks the Court's earlier determination of his petition on the merits. Therefore, the motion raises a claim previously litigated and is a second or successive habeas application. Petitioner must obtain an order of authorization from the Sixth Circuit before he can file it in this Court. § 2244(b)(3)(A).

Accordingly, the Clerk of the Court shall **REOPEN** the case to the Court's Active Docket and **TRANSFER** the Motion for Relief from Judgment (Dkt. 18) to the Court of Appeals for the Sixth Circuit. 28 U.S.C. § 1631; *see also Moreland*, 813 F.3d at 325 (citing *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

IT IS SO ORDERED.

Dated: March 14, 2019       s/Judith E. Levy  
    Ann Arbor, Michigan      JUDITH E. LEVY  
                                            United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2019.

                                                    s/Shawna Burns  
                                                    SHAWNA BURNS  
                                                    Case Manager